UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| VIRGINIA TERRIL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07-CV-0228-CVE-PJC |
| | ) | |
| STATE FARM MUTUAL AUTOMOBILE | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Before the Court is Defendant's Motion to Bifurcate (Dkt. # 14).  Plaintiff Virginia Terril ("Terril") filed a complaint (Dkt. # 2) on April 19, 2007 alleging breach of contract and bad faith. Defendant requests that the Court bifurcate plaintiff's breach of contract claim from the bad faith claim to conserve judicial resources and avoid prejudice to defendant.  Plaintiff does not object to defendant's motion to bifurcate.  See Dkt. # 17.

It is within the broad discretion of the Court whether to bifurcate claims pursuant to Fed. R. Civ. P. 42(b).  Green Const. Co. v. Kansas Power & Light Co., 1 F.3d 1005, 1011 (10th Cir. 1993). This Court frequently conducts trials involving breach of contract and bad faith claims.  It is the policy of this Court to bifurcate the trial into two phases: (1) the first phase addresses liability for both claims and compensatory damages, if any; (2) the second phase addresses punitive damages, if any.  As a general policy, absent extraordinary circumstances, the Court does not bifurcate breach of contract claims from bad faith claims during the liability/compensatory damages phase.  Here, the Court finds no compelling circumstances to diverge from its general policy.  It finds that judicial resources are best conserved by trying the two claims together in the liability/compensatory damages

phase. Further, by addressing punitive damages during a second phase of the trial, defendant will be protected from undue prejudice. Therefore, the Court denies defendant's motion to bifurcate the claims; instead, the Court will bifurcate the trial into a liability/compensatory damages phase and a punitive damages phase, if necessary.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Bifurcate (Dkt. # 14) is hereby **denied**.

**DATED** this 14th day of August, 2007.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT